575 A.2d 601

**COMMONWEALTH of Pennsylvania**

v.

**Carmen WOODS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 1990.

Filed May 22, 1990.

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before CAVANAUGH, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an April 12, 1989 Order denying appellant's petition for relief under the Post Conviction Hearing Act (PCHA).[1] Appellant argues that the PCHA court erred in: (1) failing to consider the recantation affidavit of the only eyewitness to the murder for which he was convicted as evidence in support of his claim of after discovered evidence; and (2) refusing to authorize PCHA counsel to expend funds to retain the services of an investi-

1. 42 Pa. C.S.A. §§ 9541–9551. The PCHA has been modified in part, repealed in part, and renamed the Post Conviction Relief Act (PCRA) by the Act of April 13, 1988, 42 Pa. C.S.A. §§ 9541–9546. The new provision applies to all actions for collateral relief filed on or after the effective date. Because the petition below was filed before the effective date of the PCRA, it must be evaluated under the former Act.

gator. Appellant, who has been represented by several different counsel during the course of this case, also argues that prior counsel were ineffective in: (1) failing to interview or present the testimony of an alleged alibi witness, Teech Burton, at trial; (2) failing to secure the attendance of the only eyewitness to the crime, Homer Lane, at the PCHA hearing; and (3) failing to object to the trial court's jury instruction. Finally, appellant contends that he was improperly sentenced for two inchoate offenses. For the following reasons, we agree that appellant was sentenced improperly for two inchoate offenses. Accordingly, we vacate the sentence imposed for criminal conspiracy. In all other respects, we affirm the Order below.

Appellant was arrested on May 20, 1982 and charged with first degree murder, two counts of possession of the instrument of a crime, aggravated assault, and criminal conspiracy. The murder charge and one charge of possession of an instrument of a crime arose out of appellant's shooting of Chester Laws. The remaining charges arose from appellant's shooting at Homer Lane, the only witness to the murder, approximately two days later. On November 20, 1982, after a jury trial, appellant was found guilty of all charges. Appellant filed several post-verdict motions. Hearings on those motions were held on August 17, 1983, November 28, 1983 and December 8, 1983. On December 14, 1983, appellant's post-verdict motions were denied, and he was sentenced. For murder appellant received a sentence of life imprisonment to run consecutive to the sentence he was then serving for burglary. Appellant was also sentenced to two consecutive terms of two-and-one-half-to-five years imprisonment for the possession of an instrument of a crime convictions, a consecutive term of five-to-ten years imprisonment for aggravated assault, and a concurrent term of five-to-ten years imprisonment for conspiracy. Appellant then appealed to this Court, and in an unpublished memorandum decision, we affirmed the judgment of sentence *per curiam. See Commonwealth v. Woods*, 348 Pa.Super. 636, 501 A.2d 294 (1985). Appellant's convictions

again were affirmed, *per curiam* by our Supreme Court. *Commonwealth v. Woods,* 514 Pa. 448, 525 A.2d 1204 (1987). On January 4, 1988, appellant filed a PCHA petition, alleging numerous counts of ineffectiveness of counsel. On April 12, 1989, appellant's PCHA petition was denied. This appeal followed, and present counsel was appointed to represent appellant.

■ Appellant's first argument is that the PCHA court erred when it failed to admit the recantation affidavit of Homer Lane, the chief prosecution witness at appellant's trial. Appellant argues that Lane's affidavit was admissible, even though it was hearsay, because it was a declaration against penal interest.[2] We disagree.

Rule 804(b)(3) of the Federal Rules of Evidence states that the following types of statements are admissible if the declarant is unavailable:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

*Id.* This language has been cited with approval by this court. *See Commonwealth v. Davis,* 308 Pa.Super. 398, 454 A.2d 595 (1982); *Commonwealth v. Warren,* 250 Pa.Super. 522, 378 A.2d 1271 (1977). Furthermore, Pennsylvania courts have held that only those hearsay declarations against interest which "were originally made and subsequently offered at trial under circumstances that provided

2. Appellant also contends that the evidence presented in that affidavit, if admitted, would satisfy the requirements for after discovered evidence and thereby necessitate a new trial. Because of our disposition of appellant's first argument, however, we need not address this argument.

considerable assurance of their reliability" should be admitted into evidence. *Commonwealth v. Nash,* 457 Pa. 296, 324 A.2d 344 (1974); *cf. Commonwealth v. Bracero,* 515 Pa. 355, 528 A.2d 936 (1987); *Commonwealth v. Davis, supra.* Finally, we note that recantation evidence is highly suspect, even when it involves an admission of perjury. *See Commonwealth v. Nelson,* 484 Pa. 11, 398 A.2d 636 (1979).

Here, appellant attempted to introduce an affidavit in which Homer Lane, the only eyewitness to the murder, allegedly recants his trial testimony and thereby exonerates appellant. The record reveals that Homer Lane testified at trial that appellant committed the murder for which he was charged. *See* N.T. June 1, 1982 at 5, 10. The record also reveals that during hearings held on post-verdict motions, Mr. Lane unequivocally stated that his trial testimony was true. *See* N.T. December 8, 1983 at 30. Furthermore, appellant alleged below that in spite of efforts to locate him, Lane was unavailable for further examination. *See* N.T. April 12, 1989 at 4. Far from adding to its credibility, these circumstances raise serious questions concerning the trustworthiness and reliability of the proposed affidavit. In light of these circumstances, and the inherent unreliability of recantation evidence, we cannot hold that the alleged recantation affidavit of Homer Lane was admissible as declaration against penal interest. *See Commonwealth v. Nash, supra.* Accordingly, we find that the trial court did not err in refusing to admit the affidavit as a declaration against penal interest.

■ Appellant's second argument is that the PCHA court erred by failing to authorize counsel to spend funds in order to hire an investigator to locate certain witnesses in support of appellant's PCHA claims. In *Commonwealth v. Gelormo,* 327 Pa.Super. 219, 475 A.2d 765 (1984) we noted that:

> Under the law of Pennsylvania, as in a majority of states, the appointment of an expert witness or an investigator to assist on the preparation of a defense is vested in the discretion of the trial court ...

[t]here is no constitutional mandate, either federal or state, that experts be appointed at the public expense to assist in the preparation of a defense....

*Id.*, 327 Pa.Superior Ct. at 227–29, 475 A.2d 769–70. We will not reverse a trial court's decision in this regard absent an abuse of discretion. *Commonwealth v. Peterkin*, 511 Pa. 299, 513 A.2d 373 (1986). Generally, the trial court will not be found to have abused its discretion in the absence of a clear showing as to the content, relevancy and materiality of the testimony of the potential witnesses. *Id.; cf. Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976).

Here, close examination of the record reveals that PCHA hearing counsel sought funds for an investigator in order to locate two unnamed persons alleged to have been with Adam Green on the night of the crime. Although Mr. Green did not testify at trial or the PCHA hearing, PCHA counsel alleged that he would have testified that, at the time of the crime, he was with Mr. Lane at a place other than the scene of the crime and that the two unnamed witnesses were also there. *See* N.T. February 14, 1989 at 5–12. This is the only evidence PCHA counsel provided in support of her request for investigative funds, and we agree with the PCHA court's observation that "all [PCHA counsel] ha[s] done ... is made a lot of allegations." N.T. February 14, 1989 at 10. Even if the allegations were credible, Green's testimony, at best, would serve to impeach Lane; and the unnamed witnesses, in turn, would serve only to corroborate Green. These mere allegations do not even come close to satisfying the standard of proof required by *Peterkin.* The PCHA court, therefore, did not abuse its discretion in refusing to allocate funds for an investigator.

Appellant next argues that counsel at various stages of the proceedings below were ineffective for several reasons. We disagree.

When confronted with a claim of ineffectiveness of counsel, we must consider three factors:

We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission

by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings.

*Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988) (citations omitted).

■ Appellant's first argument is that PCHA counsel was ineffective for failing to secure the attendance of Teech Burton at the PCHA hearing. In order to prevail on this particular ineffectiveness claim, appellant must show that: (1) the witness was available; *Commonwealth v. Griffin*, 357 Pa.Super. 308, 515 A.2d 1382 (1986); (2) that he informed counsel of the existence of the witness, *Commonwealth v. Ross*, 273 Pa.Super. 67, 416 A.2d 1092 (1979); (3) that the witness was prepared to cooperate and testify for the defense, *Commonwealth v. Polk*, 347 Pa.Super. 265, 500 A.2d 825 (1985); and (4) that the witness's testimony was so essential to the defense that his or her absence caused an unfair verdict or sentence. *Commonwealth v. Griffin, supra; Commonwealth v. Williams*, 344 Pa.Super. 493, 496 A.2d 1213 (1985).

■ Here, the record reveals that appellant has failed to satisfy the above-mentioned requirements. Appellant has provided no evidence that Teech Burton was available to testify at the PCHA hearing. In addition, he has not alleged that counsel was aware of Ms. Burton, and he has made no showing that she was prepared to testify, on his behalf. Finally, although appellant has alleged that "she would have testified that [appellant] was present in [a] bar at 2:00 a.m. [on the night of the crime] ...", Appellant's Brief at 20, this testimony would merely be cumulative to appellant's own alibi testimony, and the testimony of three other witnesses who placed him in the bar at the time of the crime. *See* N.T. November 17, 1982 at 326, 381; N.T.

November 18, 1982 at 453. Thus, this evidence cannot be said to have been so essential to the defense that Ms. Burton's absence caused an unfair verdict. Appellant's argument that counsel was ineffective for failing to interview and obtain the testimony of Teech Burton, therefore, is meritless.[3]

Appellant's next argument is that PCHA hearing counsel was ineffective for failing to secure the attendance of Homer Lane at the PCHA hearing. We disagree.

PCHA counsel testified that she attempted to secure Mr. Lane's attendance at the PCHA hearing by subpoenaing him. See N.T. April 12, 1989 at 4. However, despite counsel's attempts, Mr. Lane could not be located. The record, therefore, reveals that PCHA counsel took the necessary and appropriate steps to secure Mr. Lane's attendance at the PCHA hearing, and that those actions were fruitless. On this record there is no basis for finding that PCHA counsel's stewardship in this regard was deficient; indeed, she took appropriate action to protect her client's interests under the circumstances of this case. Accordingly, appellant's claim that PCHA counsel was ineffective for failing to obtain Homer Lane's presence at the PCHA hearing is meritless.

Appellant next argues that trial counsel was ineffective for failing to object to the jury instruction. Specifically, he argues that the trial court's instruction was erroneous because it neglected to inform the jury that it should acquit if the appellant's alibi evidence, even if not wholly believed, raised a reasonable doubt of his guilt.

We find this claim to be controlled by our recent decision in *Commonwealth v. Jones*, 386 Pa.Super. 467, 563 A.2d 161 (1989) (en banc), in which we stated:

**3.** Appellant also contends that post-trial, prior appellate and PCHA hearing counsel were ineffective for failing to raise trial counsel's ineffectiveness on this issue in post-verdict motions, the prior appeal and the PCHA petition. Because the underlying issue is meritless, these layered claims of ineffectiveness are also meritless.

An appellate evaluation of a trial court charge must be based on an examination of the charge as a whole to determine whether it was fair or prejudicial....

[W]hat is required of the trial court is that it make clear to the jury that the defendant's failure to prove alibi is not tantamount to guilt....

[T]he court at bar ... told the jury that [the] alibi evidence, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt ... and . acquit [the defendant]. Accordingly ... we find that the trial court's alibi charge was proper....

*Id.*, 386 Pa.Superior Ct. at 470–72, 563 A.2d 162–163 (citations omitted). Here, the record reveals that the trial court gave the jury the following instruction:

The defendant's evidence that he was not present, either by itself or together with other evidence, make [sic] it sufficient to raise a reasonable doubt in your mind. If you have a reasonable doubt of the defendant's guilt, you must find him not guilty.

N.T. November 19, 1982 at 676–77. These instructions are in direct conformity with the alibi instruction that was approved in *Jones*. Because counsel will not be deemed to have been ineffective for failing to pursue a meritless claim, we find that trial counsel was not ineffective for failing to object to the trial court's jury charge. *See Commonwealth v. Blagman*, 350 Pa.Super. 367, 504 A.2d 883 (1986).[4]

■ Appellant's final argument is that the trial court erred in sentencing him for two inchoate offenses, criminal conspiracy and possession of an instrument of a crime. The Commonwealth concedes that both sentences cannot stand. We agree.

The version of 18 Pa. C.S.A. § 906 that was in effect at the time of appellant's sentencing, stated:

4. Appellant also contends that post-trial, prior appellate and PCHA hearing counsel were ineffective for failing to raise trial counsel's ineffectiveness in this regard in post-verdict motions, the prior appeal and the PCHA hearing. Because we have found that trial counsel was not ineffective, this argument is patently meritless.

A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime.

*Id.*[5] The crimes contained in the chapter include criminal conspiracy and possession of instruments of a crime. *See id.* § 905, § 907. Our decision in *Commonwealth v. Gonzales*, 297 Pa.Super. 66, 443 A.2d 301 (1982) also is helpful in evaluating appellant's claims. In applying the prior version of section 906 to appellant's claims that he had been illegally sentenced for both criminal conspiracy and possession of an instrument of a crime, we stated:

Both offenses for which appellant was found guilty fall within the purview of chapter 9, of the Crimes Code, the chapter mentioned in Section 906, and it is apparent in reviewing the facts that both offenses were committed with one objective in mind. Accordingly, appellant's conviction for criminal conspiracy and possessing an instrument of a crime was improper.

Given the error by the lower court, we have the option to either remand for sentencing, or amend the sentence, directly.... Since the sentence for possession obviously did not affect the sentence for criminal conspiracy, we shall not remand, but shall merely vacate the sentence imposed for possession of an instrument of a crime as the lesser offense.

*Id.*, 297 Pa.Superior Ct. at 75, 443 A.2d at 305 (citations omitted). *See also Commonwealth v. Tingle,* 275 Pa.Super. 489, 419 A.2d 6 (1980). Here, the record reveals that appellant received separate sentences for criminal conspiracy and possession of an instrument of a crime in connection with the same criminal objective, his assault of Homer Lane. N.T. December 14, 1983 at 13, 19. These separate sentences cannot stand under prior section 906 and *Gonzales.* Accordingly, we vacate the sentence imposed for

5. Section 906 was amended on December 11, 1986, and now states: A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or culminate in the same crime.

criminal conspiracy, which, since it was to run concurrently with the other offense, is the lesser offense.

For the foregoing reasons, we affirm the judgment of sentence as modified.

Judgment of sentence as modified is affirmed.