609 A.2d 200

**COMMONWEALTH of Pennsylvania**

v.

**Angel L. ROSA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1992.

Filed June 3, 1992.

Jeffrey M. Kolansky, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before TAMILIA, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence for possession of a controlled substance [1] and possession with intent to deliver a controlled substance.[2] Appellant raises the following issues on appeal:

1. Whether the Commonwealth violated the Rules of Discovery by failing to furnish the defense with mandatory discovery until the trial date?

2. Whether the Trial Court abused its discretion when it refused to grant the defense a continuance to prepare for trial after receiving discovery on the day of trial?

3. Whether prior counsel was ineffective for failing to file and argue post verdict motions raising therein the above issues?

Appellant's Brief at 3. For the following reasons, we affirm.

The trial evidence established that on November 13, 1990, two undercover police officers observed a white male approach appellant, who was standing on a street corner. After a brief conversation, the man handed appellant cash,

1. 35 Pa.C.S.A. § 780–113(a)(16).
2. 35 Pa.C.S.A. § 780–113(a)(30).

and appellant reached into a brown paper bag and handed the man two packets. The officers immediately got out of their unmarked car. Appellant discarded the brown paper bag and ran away. The officers arrested the man and proceeded to search him. They found two green packets containing a substance that appeared to be cocaine. They also recovered eight similar green packets from the abandoned paper bag. The officers then caught up with appellant and arrested him.

A nonjury trial was conducted on May 7, 1991, at the conclusion of which appellant was convicted of possession and possession with intent to deliver a controlled substance. No post-verdict motions were filed. Appellant was sentenced to one-to-two years incarceration and ordered to pay a $5,000.00 fine. This timely appeal followed.

Appellant presents three issues for our review. However, because appellant did not preserve his first two issues by raising them in post-verdict motions, they are waived. Pa.R.Crim.P. 1123(a). *See also Commonwealth v. Parker*, 494 Pa. 196, 200, 431 A.2d 216, 218 (1981).[3] Thus, we will only consider appellant's last issue—whether trial counsel was ineffective for failing to preserve the first two issues by raising them in post-verdict motions.

Initially, we note that trial counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 975 (1987) (citation omitted); *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984) (citation omitted). To prevail on a claim of ineffectiveness, appellant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his client's interests, and that counsel's conduct prejudiced appellant. *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d

---

**3.** We note that appellant was fully informed of his right to file post-verdict motions and the consequences for failing to do so. *See* N.T., May 7, 1991, at 38–39.

315, 318 (1988). With this standard in mind, we now proceed to consider appellant's claims.

 Appellant contends that trial counsel was ineffective for not challenging in post-verdict motions the Commonwealth's failure to furnish any discovery to the defense until the date of the suppression hearing. Specifically, he alleges that at the time the bills of information were filed, on December 11, 1990, the Commonwealth did not furnish any discovery to the defense. He claims that "[t]rial counsel later sent the District Attorney's Office a letter requesting all discoverable materials pursuant to Rule 305 of the Rules of Criminal Procedure" and that the Commonwealth ignored this request. Appellant's Brief at 4.[4] Finally, on January 10, 1991, defense counsel filed an omnibus pre-trial motion, in which he requested all pre-trial discovery pursuant to Pa.R.Crim.P. 305. The Commonwealth complied with this request at the suppression hearing, which was conducted three weeks later on January 31, 1991.

Appellant moved to have the Commonwealth prohibited from introducing any of these materials into evidence at that hearing. The suppression court denied this request, as well as the subsequent request for a continuance. However, the court did grant a recess so that defense counsel could review the discovery materials. Appellant now argues that the Commonwealth violated Rule 305 because, by its failure to comply with his discovery request until the day of the suppression hearing, appellant's attorney was placed in the disadvantageous position of having to conduct the hearing without having adequate time to review what was contained in the discovery materials. First, we must determine whether this claim has arguable merit.

---

**4.** We note that the Commonwealth states that it has no such letter in its files. *See* Commonwealth's Brief at 2–3 n. 2. Furthermore, no copy of this letter is included in the official record before this court. Thus, we may not consider in our analysis appellant's allegation of a letter dated some time between December 11, 1990 and January 10, 1991 requesting discovery materials. *See In re D.D.,* 409 Pa.Super. 35, 597 A.2d 648 (1991) (*en banc*) (no appellate review of evidence not included in certified record).

Rule 305 of the Pennsylvania Rules of Criminal Proce-
dure details the discovery materials to which a defendant is
entitled, both as a matter of right and at the discretion of
the court.[5] The language of the rule does not address the

5. Rule 305 provides, in relevant part:

**Disclosure by the Commonwealth**

(1) *Mandatory:* In all court cases, on request by the defendant, and
subject to any protective order which the Commonwealth might
obtain under this rule, the Commonwealth shall disclose to the
defendant's attorney all of the following requested items or infor-
mation, provided they are material to the instant case. The Com-
monwealth shall, when applicable, permit the defendant's attorney
to inspect and copy or photograph such items.

(a) Any evidence favorable to the accused which is material
either to guilt or to punishment, and which is within the possession
or control of the attorney for the Commonwealth;

(b) any written confession or inculpatory statement, or the sub-
stance of any oral confession or inculpatory statement, and the
identity of the person to whom the confession or inculpatory state-
ment was made, which is in the possession or control of the
attorney for the Commonwealth;

(c) the defendant's prior criminal record;

(d) the circumstances and results of any identification of the
defendant by voice, photograph, or in-person identification;

(e) results or reports of scientific tests, expert opinion, and writ-
ten or recorded reports of polygraph examinations or other physical
or mental examinations of the defendant, which are within the
possession or control of the attorney for the Commonwealth;

(f) any tangible objects, including documents, photographs, fin-
gerprints, or other tangible evidence;

(g) the transcripts and recordings of any electronic surveillance,
and the authority by which the said transcripts and recordings were
obtained.

(2) *Discretionary with the Court:* In all court cases, except as
otherwise provided in Rule 263 (Disclosure of Testimony Before
Investigating Grand Jury), if the defendant files a motion for pre-
trial discovery, the court may order the Commonwealth to allow the
defendant's attorney to inspect and copy or photograph any of the
following requested items, upon a showing that they are material to
the preparation of the defense, and that the request is reasonable:

(a) the names and addresses of eyewitnesses;

(b) all written or recorded statements, and substantially verbatim
oral statements, of eyewitnesses the Commonwealth intends to call
at trial;

(c) all written or recorded statements, and substantially verbatim
oral statements, made by co-defendants, and by co-conspirators or
accomplices, whether such individuals have been charged or not;

(d) any other evidence specifically identified by the defendant,
provided the defendant can additionally establish that its disclosure
would be in the interest of justice.

issue of timeliness. However, the Comment to the rule provides that the purpose of the broad discovery rights granted by Rule 305 is, *inter alia* "(i) to promote an expeditious as well as fair determination of the charges, whether by plea or trial; (ii) to provide the accused sufficient information to make an informed plea; [and] (iii) to permit thorough preparation for trial and minimize surprise at trial." Pa.R.Crim.P. 305, Comment, at 220.

In the instant case, the trial court did not find that the Commonwealth violated Rule 305 by its three-week delay in responding to appellant's discovery request. Furthermore, our research reveals no case squarely addressing the issue of what constitutes timely compliance with a Rule 305 request. However, a review of appellant's pre-trial motion, in which he made his discovery request, shows that it is an almost verbatim recitation of Rule 305(B). We are not prepared to say that the Commonwealth, by taking three weeks to comply with such a general and broad request, violated Rule 305. Thus, appellant's claim of a discovery rule violation is without arguable merit. Accordingly, appellant's contention that his trial counsel was ineffective for failing to raise this claim in post-verdict motions must fail, as counsel will not be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Woods*, 394 Pa.Super. 223, 232, 575 A.2d 601, 606 (1990) (citation omitted).[6]

Appellant also contends that trial counsel was ineffective for failing to allege in post-verdict motions that

Pa.R.Crim.P. 305(B).

**6.** We further note that while it is not clear whether the Commonwealth violated Rule 305, it is evident that appellant violated it. Rule 305 states that a "motion [seeking disclosure of discovery] shall be made within fourteen (14) days after arraignment, unless the time for filing is extended by the court." Pa.R.Crim.P. 305(A). Here, appellant was arraigned on November 14, 1990, He filed his pre-trial motion on January 10, 1991. There is nothing in the record to show that he ever sought or received an extension from the court. Thus, appellant was approximately forty-three days late in filing his motion for discovery.

the suppression court erred by denying his motion for a continuance. Rule 305(E) provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

When a discovery violation occurs, the court has very broad discretion in choosing an appropriate remedy. *Commonwealth v. Feflie*, 398 Pa.Super. 622, 635, 581 A.2d 636, 643 (1990) (citations omitted), *appeal denied*, 528 Pa. 621, 597 A.2d 1151 (1991); *Commonwealth v. Gordon*, 364 Pa.Super. 521, 540, 528 A.2d 631, 641 (1987) (citations omitted), *appeal denied*, 517 Pa. 621, 538 A.2d 875 (1987); *Commonwealth v. Cason*, 328 Pa.Super. 326, 331, 476 A.2d 1353, 1356 (1984). Moreover, "a defendant seeking relief from tardy disclosure under the rule still must demonstrate prejudice." *Gordon, supra*, 364 Pa.Super. at 530, 528 A.2d at 635 (citing *Commonwealth v. Rodgers*, 500 Pa. 405, 456 A.2d 1352 (1983)). Generally, a short continuance is deemed sufficient to eradicate possible prejudice and enable the defendant to assimilate the new information. *See Feflie, supra*, 398 Pa.Super. at 635, 581 A.2d at 643; *Commonwealth v. Woodell*, 344 Pa.Super. 487, 491, 496 A.2d 1210, 1212 (1985).

In the instant case, even if the Commonwealth's three-week delay was a violation of Rule 305, we cannot say that the suppression court was outside its discretion in denying defense counsel's motion to prohibit the Commonwealth from using the material at the hearing and his motion for a continuance. The suppression court concluded that a recess of the proceedings was sufficient to avoid prejudice. Appellant's trial counsel had an opportunity to review the materials briefly before continuing with the hearing. Following

the recess, counsel gave no indication that he needed more time to review the materials. N.T., January 31, 1991, at 5.

Finally, appellant has not demonstrated, as he must when asserting a claim for tardy disclosure, that he was prejudiced by the Commonwealth's turning over the materials at the hearing. The only witnesses who testified at the suppression hearing were the two arresting officers. These officers testified previously at the preliminary hearing conducted on November 20, 1990. Defense counsel had already heard the officers' sworn testimony and had an opportunity to cross-examine them. Thus, appellant's claim that the suppression court abused its discretion by denying his counsel's motion for a continuance is also without arguable merit, and counsel was not ineffective for failing to raise it in post-verdict motions. *Woods, supra,* 394 Pa.Super. at 232, 575 A.2d at 606. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.