J-S79028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTE GEORGE | : | |
| | : | |
| Appellant | : | No. 2152 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014106-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTE GEORGE | : | |
| | : | |
| Appellant | : | No. 2154 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014108-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED DECEMBER 19, 2017**

Donte George appeals *nunc pro tunc* from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions for two counts of aggravated assault (F-1),[1] and one count each

---

[1] 18 Pa.C.S. § 2702(a).

of criminal conspiracy to commit aggravated assault,[2] carrying a firearm on public streets or public property in Philadelphia,[3] and possession of an instrument of crime[4] (PIC).[5] After careful review, we affirm.

In July 2012, George opened continuous fire on security staff outside the Encore Bar, located at 40th Street and Girard Avenue in Philadelphia. George and his friends were arguing with security guards when the altercation escalated into a fist fight and, ultimately, the firing of gunshots. The incident was captured on surveillance video that was provided to police by the Encore Bar. On September 17, 2014, a jury convicted George[6] of the above-mentioned offenses. George was sentenced to an aggregate term of 9-18 years' imprisonment, followed by ten years of probation. George filed a timely motion for reconsideration claiming that his sentence was excessive. The court denied his motion.

On November 30, 2015, George filed a timely *pro se* Post Conviction Relief Act (PCRA) petition, **see** 42 Pa.C.S §§ 9541-9545, seeking

_____

[2] 18 Pa.C.S. § 903(a).

[3] 18 Pa.C.S. § 6108.

[4] 18 Pa.C.S. § 907(a).

[5] George was charged at two separate docket numbers, CP-51-CR-0014106-2012 and CP-51-CR-0014108-2012, for the above-referenced crimes. On July 28, 2016, by order, our Court consolidated both dockets numbers for purposes of appeal.

[6] George represented himself at trial; however, the court appointed him standby counsel.

reinstatement of his appellate rights. After a hearing, the court granted George's petition. The court appointed George new appellate counsel on June 21, 2016. George filed a timely *nunc pro tunc* appeal and court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, George claims that the eyewitness testimony was so weak and unreliable that the Commonwealth failed to prove that he committed the crimes for which he was convicted.

Although George couches his claim in terms of sufficiency of the evidence, it is directed entirely to the credibility of the eyewitnesses at the bar, and, as such, is a challenge to the weight, not the sufficiency, of the evidence. **Commonwealth v. Lopez** 57 A.3d 74, 80 (Pa. Super. 2012). As the trial court acknowledges in its Rule 1925(a) opinion, George has failed to raise this weight issue before the trial court in either a written or oral motion for a new trial. **See** Pa.R.Crim.P. 607. Therefore, he has waived this claim on appeal.

Judgment of sentence affirmed.[7]

---

[7] However, even if we did not find that George waived this issue on appeal, he would not be entitled to relief. The Commonwealth proved that George committed the instant acts; security staff positively identified him at trial and security footage from the incident corroborated their testimony that George was the shooter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017