J-S53006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAYVON L. LASSITER-MORRIS | : | |
| | : | |
| Appellant | : | No. 3639 EDA 2017 |

Appeal from the Judgment of Sentence May 2, 2017
in the Court of Common Pleas of Bucks County
Criminal Division at No.:  CP-09-CR-0003289-2016

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                      **FILED OCTOBER 29, 2018**

Appellant, Jayvon L. Lassiter-Morris, appeals from the judgment of sentence imposed following his jury conviction of two counts of aggravated assault, and one count each of simple assault, recklessly endangering another person, terroristic threats, firearms not to be carried without a license, and possession of an instrument of a crime.[1]  We affirm.

We draw the following relevant facts and procedural history from our independent review of the certified record.  Appellant's conviction stems from an incident during which he shot his then-girlfriend, Gabrielle Moore, in the left thigh with a handgun.  During his January 2017 jury trial, the Commonwealth introduced as an exhibit a firearms licensing report from the

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), (a)(4), 2701(a)(2), 2705, 2706(a)(1), 6106(a)(1), and 907(a), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

Pennsylvania State Police (PSP) showing that Appellant did not have a valid license to carry a firearm at the time of the incident. (*See* N.T. Trial, 1/09/17, at 109-110; Exhibit C-24). The Commonwealth submitted this evidence during the testimony of Detective Lawrence Leith, of the Bensalem Township Police Department, who described the process by which his office routinely requests licensing status information from the PSP during investigations involving firearms. (*See* N.T. Trial, 1/09/17, at 72, 107-08). Defense counsel objected to admission of the document, arguing that it constituted impermissible hearsay, and a proper foundation had not been laid for its admission. (*See id.* at 110). The trial court overruled the objection. (*See id*.).

The jury found Appellant guilty of the above-listed offenses on January 9, 2017. On May 2, 2017, the trial court sentenced him to an aggregate term of incarceration of not less than thirteen and one-half nor more than twenty-seven years. The court denied Appellant's *nunc pro tunc* post-sentence motion on October 16, 2017, following a hearing. This timely appeal followed.[2]

Appellant raises one issue for this Court's review: "Did the trial court abuse its discretion by allowing the admission of a Pennsylvania state firearm license report despite a defense objection that a proper foundation had not

---

[2] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on December 1, 2017. The court entered an opinion on February 20, 2018. *See* Pa.R.A.P. 1925.

been laid and that such evidence was inadmissible hearsay?" (Appellant's Brief, at 4) (most capitalization omitted). In the body of his brief, Appellant assumes for the sake of his argument that the document meets a hearsay exception, but argues that the document was not properly authenticated. (*See id.* at 10-11). Appellant claims that because the licensing report admitted was a copy, lacking a visual or raised seal, the evidence was not self-authenticating. (*See id.* at 11-12). This issue merits no relief.

> . . . The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Commonwealth v. Lopez*, 57 A.3d 74, 81 (Pa. Super. 2012), *appeal denied*, 62 A.3d 379 (Pa. 2013) (citation omitted).

The Pennsylvania Rules of Evidence provide that "[h]earsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. Rule 803(8) recognizes an exception to the rule against hearsay for public records:

> **(8) Public Records**. A record of a public office if:
>
> (A) the record describes the facts of the action taken or matter observed;
>
> (B) the recording of this action or matter observed was an official public duty; and

- 3 -

(C) the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(8)(A)-(C).

Rule 902, regarding evidence that is self-authenticating, provides, in pertinent part as follows:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

**(1) Domestic Public Documents That Are Sealed and Signed.** A document that bears:

(A) a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; . . . a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

(B) a signature purporting to be an execution or attestation.

Pa.R.E. 902(1)(A)-(B).

"The rationale for the rule is that, for the types of evidence covered by Pa.R.E. 902, the risk of forgery or deception is so small, and the likelihood of discovery of forgery or deception is so great, that the cost of presenting extrinsic evidence and the waste of court time is not justified." ***Id.***, at cmt. Additionally, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Pa.R.E. 1003.

Here, the trial court determined that the challenged exhibit fell under the public records exception to the hearsay rule, and was self-authenticating. (***See*** Trial Court Opinion, 2/20/18, at 15). Upon review, we agree.

- 4 -

The PSP firearms licensing report discloses facts that were recorded pursuant to an official pubic duty, specifically, the duty to certify whether a person has a valid license to carry a firearm as required under sections 6106 and 6109 of the Crimes Code. Therefore, the document falls under the public records exception to the hearsay rule. *See* Pa.R.E. 803(8)(A)-(B). The Commissioner of the PSP signed the document as custodian of the records, and it is sealed according to that office. (*See* Exhibit C-24). In addition, the document bears the signature of the Director of the PSP Firearms Division. (*See id.*). Although, as the trial court explains, the seal on the document is faint because it is a photocopy, upon close examination, it is apparent that it is sealed. (*See* Trial Ct. Op., at 15). The report is therefore self-authenticating. *See* Pa.R.E. 902(1)(A)-(B). Thus, under our "very narrow" standard of review, we discern no abuse of discretion or error of law in the trial court's admission of the PSP licensing report. *Lopez*, *supra* at 81 (citation omitted). Accordingly, Appellant's sole issue on appeal does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/18

- 5 -