J-S68031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PISKANIN, JR., | : | |
| | : | |
| Appellant | : | No. 466 EDA 2014 |

Appeal from the Order entered on December 9, 2013
in the Court of Common Pleas of Lehigh County,
Criminal Division, No. CP-39-CR-0002072-2004

BEFORE:  ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                 **FILED NOVEMBER 21, 2014**

Michael Piskanin, Jr. ("Piskanin"), appeals, *pro se*, from the Order denying his "Motion to Reinstate First PCRA"[1] (hereinafter referred to as "Motion to Reinstate").[2]  We affirm.

This Court previously set forth the relevant history underlying this appeal as follows:

> On March 18, 2004, [Piskanin] was charged with numerous offenses in connection with a criminal enterprise involving his creation of counterfeit driver's licenses and payroll checks.  A jury convicted him of sixty-nine counts of identity theft and one count each of theft by deception and receiving stolen property.  On July 8, 2005, [Piskanin] received an aggregate sentence of seven to fourteen years imprisonment, and we affirmed the judgment of sentence.  ***Commonwealth v. Piskanin***, 986 A.2d 1262 (Pa. Super. 2009) (unpublished memorandum).  [Piskanin]

---

[1]  ***See*** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

[2]  As discussed below, we construe the Motion to Reinstate as a PCRA Petition.

thereafter filed an unsuccessful PCRA [P]etition, and, on appeal, we affirmed. ***Commonwealth v. Piskanin***, 37 A.3d 1233 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 61 A.3d 191 (Pa. 2013). On March 12, 2013, [Piskanin] filed a second [Petition] for PCRA relief based upon newly-discovered evidence, and he claimed that certain members of this Court had accepted bribes to deprive him of due process. That [P]etition was denied on April 2, 2013, and we affirmed that denial on December 24, 2013. ***Commonwealth v. Piskanin***, [93 A.3d 518] (Pa. Super. 2013) (unpublished memorandum, 1153 EDA 2013)[, *appeal denied*, 97 A.3d 744 (Pa. 2014)].

***Commonwealth v. Piskanin***, 2014 Pa. Super. LEXIS 2982 (Pa. Super. 2014) (unpublished memorandum at 1-2) (footnote omitted). The PCRA court also subsequently dismissed Piskanin's third and fourth *pro se* PCRA Petitions, finding that they were facially untimely and that Piskanin had failed to prove any exception to the PCRA's jurisdictional time limitation.[3]

On November 22, 2013, Piskanin filed the *pro se* Motion to Reinstate,[4] which we will treat as his fifth PCRA Petition. Therein, Piskanin incorporated by reference several of his numerous *pro se* Petitions for collateral relief filed with this Court, the Supreme Court of Pennsylvania, and the federal courts,

---

[3] The limited certified record and PCRA court docket before us does not reveal whether Piskanin appealed the dismissal of his third and fourth PCRA Petitions.

[4] We observe that the Motion to Reinstate is not contained within the certified record, nor did Piskanin append it to his appellate brief. It is well-established that "it is an appellant's duty to ensure that the certified record is complete for purposes of review." ***Commonwealth v. Lopez***, 57 A.3d 74, 82 (Pa. Super. 2012) (brackets omitted); ***see also id.*** (stating that "failure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed."). We decline to find waiver of Piskanin's issues on this basis, and observe that the Commonwealth has appended a copy of the Motion to Reinstate to its brief.

and made allegations of impropriety against the Honorable Kelly L. Banach ("Judge Banach"), *i.e.*, the PCRA court judge who dismissed Piskanin's first and subsequent PCRA Petitions, as well as members of the Lehigh County District Attorneys' Office and other attorneys.[5]   By an Order entered on December 9, 2013, the PCRA court denied the Motion to Reinstate without a hearing.  Piskanin timely filed a *pro se* Notice of Appeal.  On February 25, 2014, Judge Banach issued an Order in lieu of a Pa.R.A.P. 1925(a) opinion, explaining her reasons for denying Piskanin's Motion to Reinstate as follows:

> …  [Piskanin] has filed innumerable and incommodious appeals, both in the Superior Court as well as the Supreme Court of Pennsylvania, in reference to the above-captioned matter[,[6]] for which he was convicted and sentenced to a period of state incarceration[.]
>
> …  [T]he appeals which have been considered by the Superior Court regarding the trial and subsequent sentence imposed have all been denied[.]
>
> …  [E]ach subsequent appeal, of which there have been many, has alleged meritless legal arguments and contained nothing short of harassment and personal attacks as to the character and ethical practices of [the PCRA c]ourt[.]
>
> …  [Piskanin's] writings, both in the body of the "motions" and "petitions" as well as outside the envelopes and correspondence, contain meritless accusations regarding the

---

[5]  Piskanin referred to these individuals as "unholy" and "corrupt," and averred that they were "attempt[ing] to [] accomplish the murder of [Piskanin]."  Motion to Reinstate, 11/22/13, at 2-4.  Many of Piskanin's prior *pro se* court filings contain similar scurrilous allegations.

[6]  Our independent review confirms the PCRA court's assertion that Piskanin has been exceptionally litigious.  Indeed, a search of the prior case history associated with Piskanin's case shows 27 related cases in our appellate courts and the federal courts.

> [PCRA c]ourt as well as the system of justice in the County of Lehigh[,] and suggest that [Piskanin] may suffer from mental illness[.]
>
> … [Piskanin's] delusional allegations continue to bog down the wheels of justice, [the PCRA c]ourt's docket, and the time, effort, and investigative resources of the Court of Common Pleas, the Pennsylvania Superior Court, and even the Supreme Court of Pennsylvania, as exhibited by his ranting, unbalanced, and exasperating accusations contained within each Motion or Petition he files[.]

Order, 2/25/14, at 2-3 (unnumbered; footnote added; some capitalization omitted).

On appeal, Piskanin presents the following issues for our review:

1. Whether or not [Judge] Banach should have recused [herself,] and therefore denied [Piskanin] due process and first PCRA rights[,] in violation of 42 Pa[.C.S.A. §] 9541 to 9546[,] and US Constitution, Amendments 1, 4, 5, 6, 8, 9, 14[,] and PA Constitution Article I sec[tion] 7?

2. Whether or not [Piskanin's] first PCRA rights?[7]

Brief for Appellant at 1 (footnote added).

We are precluded from addressing the merits of Piskanin's claims because the PCRA court lacked jurisdiction to address Piskanin's untimely PCRA Petition/Motion to Reinstate.

This Court has observed that

> the timeliness of a PCRA petition implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear **no court has jurisdiction to hear an untimely PCRA petition**. The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar. This is to accord

---

[7] Piskanin failed to set forth a complete sentence in connection with his second issue.

finality to the collateral review process. A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.

*Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*) (emphasis added; citations, quotation marks and brackets omitted); *see also Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (stating that "[w]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." (citation omitted)).

Here, Piskanin's instant PCRA Petition/Motion to Reinstate is facially untimely, as his judgment of sentence became final in June 2006. Moreover, Piskanin does not address the untimely nature of his filing, or plead or prove any of the three exceptions to the PCRA's jurisdictional time bar. Accordingly, Piskanin is not entitled to collateral relief, and the PCRA court therefore properly denied his fifth PCRA Petition/Motion to Reinstate.

Order affirmed.

J-S68031-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014