J-S15027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARLOW RAYMOND CUADRA | |
| Appellant | No. 717 MDA 2014 |

Appeal from the PCRA Order of March 12, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003090-2007

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                           **FILED MAY 08, 2015**

Harlow Raymond Cuadra appeals the March 12, 2014 order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, following an evidentiary hearing.  We affirm.

Upon review of Cuadra's direct appeal, we summarized the factual and procedural history of this case as follows:

> The record in this case reveals that on the evening of January 24, 2007, Cuadra and his co-defendant, Joseph Kerekes, brutally attacked the victim, Brian Kocis, as a result of a dispute involving the contractual rights to produce pornography films. The men nearly decapitated the victim's head with a knife and stabbed him in the chest and torso area twenty-eight other times.  In an effort to cover-up their heinous murder, the two set fire to the victim's home.  Cuadra and his codefendant Kerekes[1] were subsequently charged with an open count of criminal homicide.
>
> > [1] The record indicates that Kerekes plead guilty to second-degree murder and other charges, and agreed to testify

against Cu[a]dra at trial[,] as Kerekes implicated Cuadra as the person who killed Kocis.

\*     \*     \*

[The Commonwealth sought the death penalty against Cuadra.] The case proceeded to a jury trial on February 24, 2009[,] after which Cuadra was found guilty of first[-]degree murder,[2] conspiracy to commit murder,[3] and arson,[4] among other offenses. Subsequently, on March 16, 2009, the trial court sentenced Cuadra to a term of life imprisonment without the possibility of parole, as the jury declined to impose the death penalty.

[1]   18 Pa.C.S. § 2501.

[2]   18 Pa.C.S. § 903.

[3]   18 Pa.C.S. § 330(a)(1)(i).

**Commonwealth v. Cuadra**, No. 601 MDA 2009, slip op. at 1-2 (Pa. Super. Oct. 14, 2010) (citations modified).

This Court affirmed Cuadra's judgment of sentence on October 14, 2010. Cuadra subsequently filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on May 3, 2011.

On May 3, 2012, Cuadra filed a timely PCRA petition, in which he alleged that he was provided ineffective assistance of counsel at trial. Prior to his PCRA hearing, Cuadra moved the PCRA court to reinstate a previous order providing for a psychiatric examination, for which Cuadra previously had obtained court approval, but failed to undergo the evaluation. The PCRA court denied Cuadra's motion for a psychiatric examination. On January 3, 2014, the PCRA court conducted a hearing on the issues contained in

Cuadra's petition. On March 12, 2014, the court dismissed Cuadra's PCRA petition by order and opinion.

On April 9, 2014, Cuadra timely filed a notice of appeal. On that same date, the PCRA court directed Cuadra to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Cuadra timely filed a concise statement on April 30, 2014. In accordance with Pa.R.A.P. 1925(a), the PCRA court issued a statement directing this Court to its March 12, 2014 opinion, wherein the court addressed the issues that Cuadra presently pursues.

Cuadra raises the following issues for our review:

A.  Whether trial counsel provided ineffective assistance of counsel for failing to object at trial to the interrogation of [Cuadra], by the trial judge [ ] following the close of the Commonwealth's cross-examination, as that interrogation constituted advocacy of a point of view favoring the prosecution and prejudicially contributed to the guilty verdict resulting in a denial of due process?

B.  Whether the PCRA [c]ourt erred in failing to grant [Cuadra's] Motion for Psychiatric Examination by an expert previously approved and funded by the trial judge [ ] at the request of prior court appointed defense counsel [ ], which was necessary to the defense strategy of pursuing a duress defense[,] as the denial by the PCRA [c]ourt precluded [Cuadra] from addressing the issue of ineffective trial counsel for not purs[u]ing the defense of duress?

C.  Whether trial counsel provided ineffective assistance of counsel by failing to pursue and present a defense of duress and/or request a jury instruction that duress was a defense to [first-degree murder]?

D.  Whether trial counsel provided ineffective assistance of counsel by failing to introduce evidence to the jury that the co-defendant, Kerekes, had admitted on numerous

occasions that he, and not [Cuadra], was responsible for the homicide and that Cuadra had nothing to do with it?

Brief for Cuadra at 3. [1]

Our standard of review for the dismissal of a PCRA petition is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

For purposes of organization and clarity, we will address Cuadra's claims of ineffectiveness of counsel together. To prevail on a claim of ineffective assistance of counsel, "the petitioner must show: that the underlying legal claim has arguable merit; that counsel had no reasonable basis for his or her action or omission; and that the petitioner suffered prejudice as a result." *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa.

---

[1] Although the PCRA court addressed two of Cuadra's claims of ineffective assistance of counsel in its March 12, 2014 opinion, the court did not comment upon trial counsel's failure to introduce evidence of the confession that Joseph Kerekes allegedly provided in an interview with trial counsel, nor does it address Cuadra's allegation of error regarding the PCRA court's denial of his motion for psychiatric examination. Cuadra raised these issues in his concise statement and included them in his brief. Because the PCRA court's failure to address these issues does not substantially impair our review, we decline to remand for the filing of a supplemental opinion.

2014) (citation omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Commonwealth v. Burno***, 94 A.3d 956, 972 (Pa. 2014) (citation omitted). Regarding appellate review of a claim of ineffectiveness, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

In his first ineffectiveness claim, Cuadra asserts that trial counsel was ineffective for failing to object to questions that the trial court asked of Cuadra during his testimony. Brief for Cuadra at 9-12. Following the Commonwealth's cross-examination of Cuadra, the trial court engaged in the following exchange with Cuadra:

| [Trial Court]: | I want to direct your attention to when you were in the home with Mr. Kocis. |
|---|---|
| [Cuadra]: | Yes, sir. Yes, Your Honor. |
| [Trial Court]: | You heard a knock on the door and Mr. Kocis went to answer the door. |
| [Cuadra]: | Yes, Your Honor. |
| [Trial Court]: | He opened the door a little bit and then Mr. Kerekes burst in? |
| [Cuadra]: | Yes. Yes, Your Honor. |
| [Trial Court]: | Did Mr. Kerekes have anything with him when he came into the home? |

[Cuadra]: No. When I saw him reach in for the knife and it was not that—it was not the big one. It was that small one that—

[Trial Court]: My question was, was he carrying anything with him?

[Cuadra]: Not in his hands, sir. Not in his hands, Your Honor.

[Trial Court]: After Mr. Kocis was killed and you went out to the Xterra—

[Cuadra]: Yes, Your Honor.

[Trial Court]: —did Mr. Kerekes come out to the Xterra and then return to the house to start the fire?

[Cuadra]: Now I know that he returned to the home to start the fire; but when he returned to the home, it was to get another arm full of electronics. It was a total of three lap— computer towers that I physically myself saw.

[Trial Court]: My question is, when he came out to the Xterra, did he take anything back into the home with him?

[Cuadra]: I did not notice that, Your Honor. I did not.

[Trial Court]: And when he returned to the Xterra the final time and you were going to leave to go to the gas station—

[Cuadra]: Yes, Your Honor.

[Trial Court]: —who drove the Xterra?

[Cuadra]: Joseph Kerekes did, to go to the gas station.

[Trial Court]: Right. I assumed then he was wearing the same clothes when he drove the Xterra as he had when he came into the home?

[Cuadra]: Yes, he was, Your Honor; and his hands were clean, no blood on them. So I assumed that he had washed them in either a bathroom or a sink.

Notes of Testimony ("N.T."), Jury Trial, 2/24 – 3/12/2009, Vol. II, at 2351-52.    Following this questioning, the trial court gave the parties an opportunity to ask further questions in response to the court's line of questioning.   Neither the Commonwealth nor defense counsel chose to ask any further questions.   At the PCRA hearing, Cuadra's PCRA counsel asked trial counsel why he did not object to the trial court's line of questioning.  He responded, ". . . I don't think there was anything objectionable."  N.T., PCRA Hearing, 1/3/2014, at 27.

It is well-established that it is "always the right and sometimes the duty of a trial judge to interrogate witnesses.   However, questioning from the bench should not show bias or feeling or be unduly protracted."  **Commonwealth v. Manuel**, 844 A.2d 1, 9 (Pa. Super. 2004) (citation omitted).   Furthermore, a new trial is required "only when the trial court's questioning is prejudicial, that is when it is of such nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial."  **Id.** (citation omitted).

Here, the trial court's questioning of Cuadra merely clarified Cuadra's narrative of the events surrounding the homicide and the actions of Joseph Kerekes.  The trial court did not comment on the credibility of this testimony nor did the court express any bias toward Cuadra.   Furthermore, in its concluding charge to the jury, the trial court instructed:

> Now, you will recall that during the trial, there were obviously a considerable number of witnesses who were called.  I believe that I asked a few questions of two of those witnesses.

> Those questions that I asked did not reflect, nor were they intended to reflect, my opinion on the evidence, on the case or on the believability of witnesses. My only purpose for asking those questions was to inquire into a matter which I thought needed to be more fully explored.

N.T., Jury Trial, 2/24 – 3/12/2009, Vol. II, at 2483. The content and context of the trial court's questioning do not suggest any impropriety or overstepping on the part of the trial court, and thus we agree with trial counsel that there was nothing objectionable about the trial court's conduct. Therefore, trial counsel did not provide deficient representation in failing to object to the trial court's line of questioning. Accordingly, Cuadra's first assertion of ineffectiveness of counsel fails for a lack of arguable merit.

In his second ineffectiveness issue, Cuadra argues that trial counsel was ineffective for failing to present a defense based upon duress, or alternatively to request a jury instruction on duress. Brief for Cuadra at 14-18. Cuadra suggests that a duress defense comported with his assertions that Joseph Kerekes was a domineering force in their relationship, and that he controlled Cuadra physically and psychologically. Cuadra's trial counsel testified that he did not pursue a duress defense because the defense theory was that Joseph Kerekes planned and committed the murder, and that Cuadra had no part in the plot or its execution. At the PCRA hearing, Cuadra's trial counsel explained:

> Well, my understanding of duress—I might be wrong, but my understanding of duress, it's an affirmative defense that you have to seek if you're acknowledging doing the killing, not that you're controlled by somebody or somebody else had control

over you; but, that it's an affirmative defense to a killing. Like, I killed a person, but I was forced to do it.

Not only did [Cuadra] not acknowledge that he killed anybody[,] [f]or the longest time of our defense and not until during the course of the trial, did he even acknowledge that he was there.

N.T., PCRA Hearing, 1/3/2014, at 14.

Because counsel had a reasonable basis for not presenting a duress defense, Cuadra's second allegation of ineffectiveness necessarily fails. "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). Trial counsel did not pursue any sort of affirmative defense because the defense intended to demonstrate that Cuadra was not involved in the planning or execution of the murder of Brian Kocis. Because a defense based upon duress would have been inconsistent with the defense theory that Joseph Kerekes alone was responsible for the murder, there was a reasonable basis for failing to present such a defense or seek a jury instruction on duress. Suggesting alternative theories in this manner could have had the effect of confusing the jury or detracting from the credibility of the defense. Because there was a reasonable basis underlying trial counsel's strategy, Cuadra's second ineffectiveness claim is without merit.

Cuadra's third allegation of ineffective assistance of counsel is based upon trial counsel's examination of Joseph Kerekes. Before Cuadra's trial,

counsel conducted several interviews with Joseph Kerekes, who allegedly confessed to trial counsel that he was solely responsible for the murder, and that Cuadra had "nothing to do with the planning or commission" of the killing. Brief for Cuadra at 19. Trial counsel explained that he intended to call Joseph Kerekes as a witness in Cuadra's trial, and have him testify to Cuadra's innocence. N.T., PCRA Hearing, 1/3/2014, at 21. At trial, however, Kerekes refused to provide the expected exculpatory testimony. *See* N.T., Jury Trial, 2/24 – 3/12/2009, Vol. II, at 2063-65. Trial counsel did not confront Kerekes with his prior statements.

Cuadra did not raise this issue in his PCRA petition. At the PCRA hearing, PCRA counsel directed several questions to trial counsel regarding his failure to introduce Kerekes' prior statements. Because Cuadra did not raise this issue in his petition, the Commonwealth lodged numerous objections to PCRA counsel's questions regarding this issue, most of which were sustained by the PCRA court. *See* N.T., PCRA Hearing, 1/3/2014, at 21. The PCRA court also did not address the issue in its opinion. Furthermore, PCRA counsel did not offer any argument at the PCRA hearing, but rather chose to file a supplemental brief. That brief is not listed on the docket and does not appear in the certified record.

Cuadra has waived his third claim of ineffectiveness of counsel, both because the issue was not properly preserved and because the certified record does not contain the brief that is necessary for our determination of

whether Cuadra has adequately demonstrated that counsel's omission satisfies all three prongs of the test for ineffective assistance of counsel.

Post-conviction issues that are not raised in a PCRA petition are waived. **See Commonwealth v. Albrecht**, 720 A.2d 693, 701 (Pa. 1998) ("This claim was not raised in the *pro se* and the amended PCRA petitions and is therefore waived."). Furthermore, the absence from the record of the supplemental brief that PCRA counsel prepared after the hearing precludes this Court from conducting an effective analysis of Cuadra's arguments in support of his ineffectiveness claim, and does not permit us to confirm whether this issue properly was raised before the PCRA court. "[I]t is an appellant's duty to ensure that the certified record is complete for purposes of review." **Commonwealth v. Lopez**, 57 A.3d 74, 82 (Pa. Super. 2012) (citation omitted). "Failure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed." **Commonwealth v. Steward**, 775 A.2d 819, 835 (Pa. Super. 2001) (citation and internal quotation marks omitted). For both the absence of a complete record and the omission of the issue from the PCRA petition, Cuadra's third claim of ineffective assistance of counsel is waived.

In his final issue, Cuadra claims that the PCRA court erred in denying his motion for psychiatric examination prior to the PCRA hearing. Brief for Cuadra at 12-14. Cuadra originally sought funding for an examination by a psychiatric professional before his trial for the purpose of establishing

mitigation evidence in the event that the trial proceeded to a penalty phase. The trial court granted the motion; however, Cuadra never underwent the psychiatric evaluation. During the PCRA proceedings, Cuadra filed with the PCRA court a motion requesting that the psychiatric examination finally be performed. Following a hearing on November 12, 2013, the PCRA court denied Cuadra's motion.

In his cursory argument as to this issue, Cuadra offers no explanation as to how this particular claim is cognizable under the PCRA. The PCRA provides an enumerated list of claims for which it may provide relief. The PCRA court's failure to grant a motion such as the one at issue here is not included among these claims. **See** 42 Pa.C.S. § 9543(a)(2). Furthermore, Cuadra's brief on this issue is lacking in substantive development and citations to pertinent authority, as is required by Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2119(a). In support of his argument, Cuadra cites only one case, ***Commonwealth v. Holloway***, 572 A.2d 687 (Pa. 1990), for the proposition that, in order for a defendant to successfully argue that expert testimony should have been admitted, the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence. Brief for Cuadra at 14. It is unclear how this proposition advances Cuadra's argument or helps to render his claim cognizable under the PCRA.

Nonetheless, we construe this argument as a request for discovery, because Cuadra asserts that his trial counsel sought psychiatric evaluation

- 12 -

"to determine whether it would be helpful to present a defense in the guilt phase of the case regarding the issues of duress and/or whether [Cuadra] was influenced by the co-defendant, [Kerekes], almost like a battered wife syndrome type of defense." Brief for Cuadra at 13. Post-conviction discovery requests are governed by Rule 902 of the Pennsylvania Rules of Criminal Procedure. That rule provides that, with an exception not applicable here, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). "Appellate courts review PCRA discovery orders for an abuse of discretion." *Commonwealth v. Williams*, 86 A.3d 771, 787 (Pa. 2014) (citation omitted). Furthermore, "[w]e will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion." *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012) (citation omitted). "An abuse of discretion is not a mere error in judgment. Instead, it is a decision based on bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Id.* (citations omitted).

Aside from asserting that the PCRA court's denial of his motion amounted to a denial of "due process of law," Brief for Cuadra at 14, Cuadra provides no explanation of what he sought to gain from a psychiatric examination, why the circumstances indicated that he should be entitled to one, or how the PCRA court's denial of his motion amounted to an abuse of discretion. Cuadra has not demonstrated any exceptional circumstances

that would justify discovery here, and we discern no abuse of discretion on the part of the PCRA court.  Cuadra's final issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015