J-S29005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2567 EDA 2016 |

Appeal from the Judgment of Sentence July 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002747-2015

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 07, 2018**

Robert Williams appeals from his judgment of sentence entered in the Court of Common Pleas of Philadelphia County. On appeal, he claims the trial court erred in admitting prior bad acts evidence. Finding the issue waived, we affirm.

The incidents underlying Appellant's conviction occurred sometime between May 2012 and May 2013. **See** N.T., 11/9/15, at 43. The victim, S.M.-B.,[1] was in ninth grade and lived with her mother and Appellant, her mother's paramour. **See id**., at 30-33, 44. One weekday night, S.M.-B. was in bed asleep on her stomach, wearing only a shirt and underwear. **See id**., at 33-

_____

* Former Justice specially assigned to the Superior Court.

[1] S.M.-B. was fourteen years old at the time of the incident. **See** N.T., 11/3/15, at 4.

36. She had missed school that day because she had been in the emergency room with an asthma attack. *See id*., at 33-35. Appellant came into her room, holding a stethoscope, and sat on the bed next to S.M.-B., waking her up. *See id*., at 33-34.

Appellant held the stethoscope against S.M.-B.'s back for five minutes before telling S.M.-B. that she should put on pants. *See id*., at 33-36. Appellant retrieved a pair of pants. *See id*., at 33-34. Appellant asked S.M.-B. if she wanted him to put the pants on her; S.M.-B. said, "No." *Id*., at 34. Despite her refusal, Appellant put the pants on S.M.-B., and the stethoscope against her back. *See id*. Appellant then put his hand down S.M.-B.'s pants and inserted his finger into her vagina. *See id*. When S.M.-B. told Appellant that it hurt, Appellant removed his finger and left the room. *See id*., at 34.

The next day, S.M.-B. did not tell her mother or father what had happened. *See id*., at 37, 39-4. Later on, S.M.-B. disclosed to friends what had happened. *See id*., at 38-39, 42-43. Specifically, S.M.-B. told R.B. that Appellant had woken her up by touching her under her pants. *See id*., at 56-57. R.B. tried to convince S.M.-B. to tell someone what had happened. *See id*., at 58. At that time, S.M. approached and overheard the conversation. *See id*., at 64-66. S.M.-B. told S.M. that Appellant had touched her in her "private area." *Id*., at 62-63. S.M. also encouraged S.M.-B. to tell someone. *See id*., at 63, 66. R.B. believed the conversation occurred when the girls were in tenth grade and S.M. believed it occurred in eleventh grade. *See id*., at 38-43, 56-

58, 62-66. S.M.-B. eventually told a school counselor, who reported the incident. *See id*., at 39.

S.M.-B. went to live with her father, K.B. However, even before she moved in with him, K.B. noticed a change in her demeanor; she suffered mood swings, did not want to interact with the family, or leave the house. *See id*., at 69-70. When he attempted to talk to S.M.-B. about what had happened, she said she did not feel comfortable telling him. *See id*., at 70. Eventually, a social worker from the Department of Human Services informed K.B. of the assault, and, after questioning, S.M.-B. admitted to K.B. that Appellant had assaulted her. *See id*., at 72-73, 79-81.

Prior to trial, the Commonwealth made an oral motion pursuant to Pa.R.E. 404(b), seeking to introduce evidence of prior bad acts. *See* N.T., 11/3/15, at 3-4. The trial court granted the motion. The matter proceeded to a bench trial. At trial, witnesses testified to the aforementioned facts. In addition, C.C.-B. testified regarding Appellant's prior bad act, and S.M.-B.'s mother and Appellant testified for the defense.

C.C.-B. testified that in January 2011, she was a seventeen-year-old high school student in the City of Philadelphia. *See* N.T., 11/9/15, at 9-10. C.C.-B. testified that she was directing the school talent show and Appellant, who was older than twenty-five, was the DJ. *See id*., at 10-11. C.C.-B. went downstairs to get a drink from a vending machine, and Appellant followed her. *See id*., at 12-13. Appellant told C.C.-B. that he liked her, bent her over, and

forced his penis inside of her as she told him no, asked him to stop, and told him she did not want this. ***See id***., at 15-16.

L.M. testified that she is S.M.-B.'s mother and that Appellant is her fiancé and the father of her two-year-old daughter. ***See id***., at 85. L.M. stated that Appellant owned a stethoscope because he was in training to be a medical assistant, and had used the stethoscope on S.M.-B. because of the asthma attack. ***See id***., at 87-88. L.M. stated she was in the room when this happened, and that Appellant placed the stethoscope on S.M.-B.'s chest. ***See id***., at 88-90. L.M. denied seeing Appellant touch S.M.-B. inappropriately, and denied knowledge of his prior conviction. ***See id***., at 90-92.

Appellant testified in his own defense. ***See id***., at 97. He stated that he and S.M.-B. had a contentious relationship. ***See id***., at 99-100. He admitted to placing the stethoscope on S.M.-B.'s body, but claimed the contact occurred on her chest for only five to ten seconds. ***See id***., at 98. Appellant denied touching S.M.-B. inappropriately. ***See id***., at 98.

The trial court acquitted Appellant of simple assault and endangering the welfare of a child and convicted him of aggravated indecent assault, unlawful contact with a minor, corruption of minors, and indecent assault. The court later sentenced Appellant to an aggregate of three and one-half to seven years of incarceration, followed by five years of probation. Appellant was also required to register as a sex offender. This timely appeal follows.

Appellant raises a single issue for review: "Did the court err in granting the motion *in limine* and allowing prior bad acts testimony?" Appellant's Brief,

at 3.[2]  To have preserved this issue for our review, Appellant must have lodged a contemporaneous objection when the Commonwealth sought to introduce the evidence. *See*, *e.g.*, *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287 (Pa. Super. 2004) (*en banc*).

Here, the record reflects that Appellant did not lodge a timely objection. The Commonwealth made the motion to admit prior bad acts orally before the court prior to trial. The following is the relevant exchange from that pre-trial hearing:

> THE COMMONWEALTH: Yes, your Honor. We need it for the purpose to prove the defendant's common plan and scheme specifically.  In this case, there was a need for the Commonwealth to present the other acts evidence. This is a delayed disclosure by about two and a half years. There is no other evidence, but the complainant's –
>
> THE COURT: What's the relationship between the 17-year-old first victim and the – is it also mom's paramour? What's –
>
> MR. GOTTLIEB: No.
>
> THE COMMONWEALTH: The defendant was DJing a school event at Bartram and she was a 17-year-old who attended the school.
>
> THE COURT: All right. So common plan scheme. Anything else?
>
> THE COMMONWEALTH: And to show –
>
> THE COURT: Delay disclosure and rebut – what do you always –

---

[2] Appellant filed in this Court an application to supplement the certified record with the notes of testimony from the November 3, 2015 hearing. **See** Application to Supplement the Record, 10/3/17, at 1-3. We granted the motion.

- 5 -

THE COMMONWEALTH: To show his intent, his state of mind, and to rebut any absence of mistake or fabrication.

THE COURT: All right. And certainly, Mr. Gottlieb, the sort of older nature of the case is something you could argue as well, but I will grant that motion.

MR. GOTTLIEB: Thank you, Your Honor. So prior bad acts –

THE COURT: So I'm going to repeat it for the Court. So the prior bad acts is admitted for the purpose of common plan scheme and design.

MR. GOTTLIEB: Absolutely.

N.T., 11/3/15, at 5-7.

Appellant did not object during the pretrial hearing. (Nor did he even object during S.M.-B.'s testimony.) Accordingly, Appellant has waived this issue, and we may not now review it. *See **Melendez-Rodriguez***, 856 A.2d at 1287; ***Commonwealth v. Lopez***, 57 A.3d 74, 81-81 (Pa. Super. 2012) (litigant complaining on appeal of admission of evidence in trial court is limited to arguing specific objections lodged at trial); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/18

- 6 -